**CUI PING CHEN, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 04–6072–AG.

United States Court of Appeals, Second Circuit.

Feb. 1, 2006.

Sunit K. Joshi; Justin D. Parsons, New York, New York, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma; Kay Sewell, Assistant United States Attorney, Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Cui Ping Chen, through counsel, petitions for review of the Board of Immigration Appeals ("BIA") November 2004 order denying her motion to reconsider the BIA's decision. The BIA had previously dismissed Chen's appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233

(2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao*, 265 F.3d at 90.

A motion to reconsider a decision of the BIA must be filed within thirty days after the BIA has mailed the decision. *See* 8 C.F.R. § 1003.2(b)(2). While the BIA has the power to reopen or reconsider cases *sua sponte*, this power is limited to exceptional circumstances. *See Matter of J–J*, 21 I & N Dec. 976, 1997 WL 434418 (BIA 1997).

Here, the BIA did not abuse its discretion in denying Chen's request for reconsideration because her motion was clearly untimely. The BIA issued its decision on appeal in November 2003 and Chen did not file her motion to reconsider until August 2004, well beyond the thirty day deadline. The BIA considered Chen's claim that she did not receive timely notice of its 2003 decision due to postal service error, and acknowledged that it retained the discretion to reconsider proceedings *sua sponte* in exceptional situations. However, the BIA properly found that Chen's case did not merit a *sua sponte* reconsideration or reissuance because it was within its discretion to determine which circumstances

qualify as exceptional. *See Matter of J–J*, 21 I & N Dec. at 976; *see also Damko v. INS*, 430 F.3d 626, 2005 WL 3209452, *3 (2d Cir.2005) (applying the principles of deference to questions concerning an agency's construction of the statute which it administers). In contrast to cases in which a courier's error delayed the filing of an alien's submission to the BIA, *see generally Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105 (2d Cir.2005); *Kyu O. Oh v. Gonzales*, 406 F.3d 611 (9th Cir.2005), this case involved a delay in the conveyance of the BIA's decision—which had been delivered to Chen's counsel in a timely manner—from Chen's counsel to Chen. Additionally, while Chen contends that her attorney unsuccessfully attempted to contact her by telephone after the decision of the BIA arrived at the attorney's office, Chen failed to explain why she was unreachable.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).