Pedro Antonio **PEREZ–VELASQUEZ;** Ana Berta Perez., Petitioners,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 05–70318, 05–72969.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 3, 2006.

Pedro Antonio Perez-Velasquez, Corona, CA, pro se.

Ana Berta Perez, Corona, CA, pro se.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Stacy S. Paddack, Jennifer Keeney, Esq., Kurt B. Larson, Esq., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Pedro Antonio Perez–Velasquez and his wife, Ana Berta Perez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") order denying their application for cancellation of removal, and the BIA's subsequent order denying their motion to reconsider. To the extent we have jurisdiction, it is

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *see Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005), and we review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We dismiss and deny the petitions for review.

We lack jurisdiction to review the BIA's discretionary determination that Petitioners failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). Petitioners' contention that the BIA violated their equal protection and due process rights is not supported by the record and does not amount to a colorable constitutional claim. *See id.* ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We reject Petitioners' contentions that the IJ violated their due process rights by disregarding certain evidence and denying Perez–Velasquez's request for a continuance. Contrary to Petitioners' contentions, the proceedings were not "so fundamentally unfair that [they were] prevented from reasonably presenting [their] case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Petitioners failed to demonstrate that they were presently eligible for relief, or that additional evidence would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

The BIA was within its discretion in denying as untimely Petitioners' motion to reconsider because the motion was filed nearly three months after the BIA issued its final decision on December 20, 2004. *See* 8 C.F.R. § 1003.2(b)(2).

No. 05–70318: PETITION FOR REVIEW DISMISSED.

No. 05–72969: PETITION FOR REVIEW DENIED.