Maria Carmen Cervantes de
**ROMERO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

**No. 05–73508.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 3, 2006.

Jorge I. Rodriguez–Choi, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Andrew C. MacLachlan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Maria Carmen Cervantes de Romero, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reconsider its earlier decision affirming

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

without opinion an immigration judge's ("IJ") denial of her application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *Oh v. Gonzales*, 406 F.3d 611, 612 (9th Cir.2005), and we deny the petition for review.

The BIA was within its discretion in denying Cervantes de Romero's motion to reconsider because she failed to identify any error of fact or law in the BIA's prior decision affirming the IJ's order denying cancellation of removal. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc). Contrary to Cervantes de Romero's contention, she failed to challenge the IJ's conduct at the hearing in her notice of appeal to the BIA or in her appeal brief before the BIA, so the issue was not previously considered and could not be subject to reconsideration. *See id.* ("The purpose of a motion to reconsider is not to raise new facts, but rather to demonstrate that the IJ or the BIA erred as a matter of law or fact.").

In her opening brief before this court, Cervantes de Romero fails to address, and therefore has waived any challenge to, the BIA's determination that the IJ properly evaluated petitioner's case under prevailing law. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.