**Ernesto Montes De Oca SANDOVAL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73485.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 3, 2006.

Jorge I. Rodriguez–Choi, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Luis E. Perez, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Ernesto Montes De Oca Sandoval, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings and reconsider its order affirming the immigration judge's ("IJ") denial of his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

The evidence Sandoval presented with his motion to reopen concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's determination that the evidence would not alter its prior discretionary determination that he failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations and brackets omitted).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Sandoval's contention that the BIA violated his due process rights by denying his motion to reopen does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.")

We review for abuse of discretion the denial of a motion to reconsider. *See Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir. 2005). The BIA was within its discretion in denying Sandoval's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision affirming the IJ's order denying cancellation of removal. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**