Valentin DURAN–MONTOYA;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–74302.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Nov. 9, 2006.

Valentin Duran–Montoya, Las Vegas, NV, pro se.

Elizabeth Martinez Yanez, Las Vegas, NV, pro se.

Jose Alejandro Martinez Yanez, Las Vegas, NV, pro se.

Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony P. Nicastro, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Valentin Duran–Montoya, and his two children Elizabeth Martinez Yanez and Jose Alejandro Martinez Yanez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying as untimely their motion to reconsider its order dismissing their appeal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider. *See Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005). We dismiss in part and grant in part the petition for review.

To the extent the petitioners challenge the BIA's underlying order dismissing their appeal from the immigration judge's decision, we lack jurisdiction because the instant petition for review is not timely as to that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

Although the petitioners' motion was titled "Motion to Reconsider," the motion should have been construed as a motion to reopen because the underlying purpose of the motion was to present the BIA with additional facts and evidence. *See Iturribarria v. INS,* 321 F.3d 889, 895–97 (9th Cir.2003) (finding the BIA improperly construed a motion as one for reconsideration where it presented new evidence). The BIA thus abused its discretion by denying the petitioners' motion as time-barred where it was filed 31 days after the BIA's decision. *See* 8 C.F.R. § 1003.2 (a motion to reconsider must be filed no later than 30 days after the BIA's decision, whereas a motion to reopen is due no later than 90 days after of the BIA's decision); *see also Iturribarria,* 321 F.3d at 897. Accordingly, we remand for the BIA to consider the merits of the petitioners' motion.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.