Paramjit KAUR, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75092.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

Charles E. Woode, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Bryan S. Beier, Esq. M. Jocelyn Lopez Wright, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Paramjit Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reconsider its order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum and relief under the Convention Against Torture. To the extent we have jurisdiction, it is conferred by 8

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider. *See Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005). We dismiss in part and deny in part the petition for review.

■ Kaur raises several contentions in her opening brief regarding the BIA's June 24, 2004 order dismissing her appeal. To the extent these contentions go beyond the issues raised in Kaur's motion to reconsider, we lack jurisdiction because Kaur did not timely petition for review of that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

■ The only issue properly before this court is whether the BIA abused its discretion by denying the motion to reconsider, in which Kaur contended that her submission of two asylum applications did not amount to fraud, and that discrepancies regarding where she lived in the United States were minor. The BIA was within its discretion in denying the motion because it failed to identify any error of fact or law in the BIA's prior decision dismissing her appeal from the IJ's order denying relief. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

