**Enrique RUIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 05–70858, 05–73388.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 27, 2006.

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

## MEMORANDUM **

Enrique Ruiz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal and deny-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ing his motion to remand (No. 05–70858) and the BIA's order denying his motion to reconsider that decision (No. 05–73388). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss the petition for review in No. 05–70858, and deny the petition for review in No. 05–73388.

We lack jurisdiction to review the BIA's discretionary determination that Ruiz failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

The evidence Ruiz presented with his motion to remand concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir. 2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its discretionary determination that he failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations and brackets omitted).

Our conclusion that we lack jurisdiction to review the BIA's dismissal of Ruiz's appeal and denial of the motion to remand, forecloses Ruiz's contention that the BIA's decision was improperly vague. *See id.* at 604 (holding that where the court lacks jurisdiction to review the BIA's discretionary determination, the petitioner's argument that the BIA failed to adequately explain the reasons for its decision is foreclosed).

We review for abuse of discretion the denial of a motion to reconsider. *See Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir. 2005). The BIA was within its discretion in denying Ruiz's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision affirming the IJ's order denying cancellation of removal and denying the motion to remand. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

**PETITION FOR REVIEW in No. 05–70858 DISMISSED.**

**PETITION FOR REVIEW in No. 05–73388 DENIED.**