**Ramon GOMEZ; Aurora Gomez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–74427, 05–70207.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 27, 2007.

Susan E. Hill, Hill & Piibe, Los Angeles, CA, for Petitioners.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Ramon and Aurora Gomez seek review of the Board of Immigration Appeals' ("BIA") August 5, 2004, order affirming an immigration judge's ("IJ") decision denying cancellation of removal and denying a motion to remand (No. 04–74427) and the BIA's December 13, 2004, order denying their motion to reconsider (No. 05–70207). We review for abuse of discretion the denial of a motion to remand, *see Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir. 2005) and the denial of a motion to reconsider, *see Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that the Gomezes failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). The BIA did not abuse its discretion by denying the Gomezes' motion to remand, because the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law.").

The BIA did not abuse its discretion by denying the Gomezes' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision affirming the IJ's order. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir. 2001) (en banc).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

