Reveriano De La Torre LOZA;
Maria Veronica De La
Torre, Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

Nos. 05–71592, 05–73930.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 27, 2007.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., M. Jocelyn Wright, U.S. Department of Justice Civil Division, Washington, DC, for Respondent.

Before: GRABER, CLIFTON and BEA, Circuit Judges.

### MEMORANDUM **

Reveriano De La Torre Loza and Maria Veronica De La Torre, husband and wife,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

petition for review of an order of the Board of Immigration Appeals' ("BIA") order upholding an immigration judge's decision to deny their application for cancellation of removal and the BIA's order denying their motions to reopen and reconsider. To the extent we have jurisdiction it is conferred by 8 U.S.C. 1252. We review for abuse of discretion the denial of a motion to reopen *see Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and a motion to reconsider *see Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005). We dismiss in part and grant in part the petition for review in No. 05–71592 and we deny in part the petition for review in No. 05–73930.

We lack jurisdiction to review the BIA's discretionary determination that Petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

Petitioners' contention that the BIA violated their due process rights by disregarding the testimony of their expert to establish the requisite hardship is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The BIA did not abuse its discretion by denying Petitioners' motion to reopen, because the BIA considered the evidence they submitted concerning their daughter's emotional and educational problems and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002)

ed by 9th Cir. R. 36–3.

(The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law."). Further, the BIA was within its discretion in denying Petitioners' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision affirming the IJ's order denying cancellation of removal. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

Finally, the immigration judge granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

**PETITION FOR REVIEW in No. 05–71592 DISMISSED in part and GRANTED in part; REMANDED. PETITION FOR REVIEW IN No. 05–73930 DENIED.**