**J. Jesus Pelayo CUEVAS; Virginia Maldanado Cuevas, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70323.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 30, 2007.

J. Jesus Pelayo Cuevas, Port Hueneme, CA, pro se.

Virginia Maldanado Pelayo, Port Hueneme, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Esq., William C. Peachey, U.S. Department of Justice, Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

J. Jesus Pelayo Cuevas and Virginia Maldanado Cuevas petition pro se for review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reconsider its earlier order affirming an immigration judge's ("IJ") order denying their application for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review motions for reconsideration for an abuse of discretion, *see Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005), and we deny in part and dismiss in part the petition for review.

We lack jurisdiction to review the BIA's underlying order dismissing petitioners' direct appeal from the IJ's decision because this petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003). We further lack jurisdiction to review the IJ's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). We also lack jurisdiction to review the contention that the IJ was biased because petitioners failed to raise that issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In their opening brief petitioners fail to address, and therefore have waived any challenge to, the BIA's denial of their motion to reconsider. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**