# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KYU O. OH,

Petitioner,

v.

ALBERTO GONZALES,* Attorney
General,

Respondent.

No. 03-73131

Agency No.
A39-765-209

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
February 16, 2005—San Francisco, California

Filed May 2, 2005

Before: Dorothy W. Nelson, William A. Fletcher and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge Fisher

---

*Alberto Gonzales is substituted for his predecessor, John Ashcroft, as
Attorney General of the United States, pursuant to Fed. R. App. P.
43(c)(2).

## COUNSEL

Alex C. Park, Santa Clara, California, for the petitioner.

Mary Jane Candaux, Anthony W. Norwood, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for the respondent.

## OPINION

FISHER, Circuit Judge:

Petitioner Kyu Oh ("Oh") appeals the Board of Immigration Appeals' ("BIA") denial of her motion to reconsider its rejection of her notice of appeal of an Immigration Judge's ("IJ") decision as being untimely filed. Oh sought to excuse the late filing as having been caused by an overnight delivery service's failure to deliver the notice until well past the BIA's 30-day deadline. Noting that in using an overnight delivery service she was following the very procedure the BIA's own Practice Manual recommended, Oh contends that the BIA

abused its discretion and denied her due process in refusing to consider her reasonable excuse.[1] Because the BIA denied Oh's motion to reconsider on the erroneous assumption that it had no authority to extend the time for appeal, we grant Oh's petition and remand to the BIA to determine whether her circumstances justify excusing her late filing.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004). " 'An abuse of discretion will be found when the denial was arbitrary, irrational or contrary to law.' " *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (quoting *Watkins v. INS*, 63 F.3d 844, 847 (9th Cir. 1995)).

Oh, a native and citizen of South Korea, became a lawful permanent resident of the United States when she married a U.S. citizen in 1985; she was divorced in 1989. In 2001, after a six-week stay in Korea, Oh tried to re-enter the United States. She was detained by immigration officials, and admitted she had misdemeanor convictions for prostitution and possession of a controlled substance; she was also arrested on an outstanding warrant for prostitution.[2]

The former Immigration and Naturalization Service charged her with being removable; an IJ found her removable on January 10, 2003. That decision triggered a 30-day deadline for Oh to file a notice of appeal with the BIA. *See* 8 C.F.R. §§ 1003.38(b), (c). On January 24, Oh and her counsel

---

[1]We construe Oh's arguments that the BIA erred in denying her motion to reconsider as raising both abuse of discretion and due process arguments. We do not believe that the government has been misled. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (holding that a court may "consider [an] issue [if] the appellee has not been misled and the issue has been fully explored") (citation and internal quotation omitted). Because we hold that the BIA abused its discretion, we do not reach Oh's due process arguments.

[2]She was again convicted of prostitution in February 2002.

completed the necessary paperwork, and on February 4 her counsel mailed the notice of appeal along with all paperwork and fees by overnight mail to the BIA for delivery by noon, February 5. The carrier, Airborne Express, failed to deliver the package on time; the BIA did not receive it until February 24, 2003.[3]

On May 30, 2003, the BIA issued a per curiam decision rejecting Oh's appeal as untimely. On June 25, Oh filed a motion asking the BIA to reconsider, and furnished proof that she had completed and mailed her notice of appeal well before the deadline. Accepting Oh's evidence that she had in fact deposited her properly addressed Airborne Express envelope into Airborne Express' pick-up box on February 4 for next day delivery to the BIA, the BIA nonetheless denied Oh's motion to reconsider. The BIA ruled that the "date stamp" placed on all filings when they are received by the BIA "is controlling in the computation of timely filing," and that "the Board does not have the authority to extend the time in which to file a Notice of Appeal. *See* 8 C.F.R. § 1003.38(b)."[4] The BIA also stated without elaboration that Oh's "case [was not] appropriate for exercise of the Board's power in exceptional circumstances *sua sponte* to reconsider a decision."

**[1]** In support of the BIA's assertion that it lacked authority to accept Oh's late-filed appeal, the government relies on *Da Cruz v. INS*, 4 F.3d 721, 722 (9th Cir. 1993), which states that "[t]he time limit for filing an appeal [to the BIA] is mandatory and jurisdictional." However, as the authority *Da Cruz* cites for this proposition states, "[d]espite the note of finality sounded by this principle, it is not inflexible." *Hernandez-Rivera v. INS*, 630 F.2d 1352, 1354 (9th Cir. 1980). Significantly, the BIA's own Practice Manual recognizes as much. The Practice Manual, the BIA's official guidance on filing

---

[3]Respondent does not dispute these facts.

[4]8 C.F.R. § 1003.38 says nothing about the BIA's jurisdiction to consider late filings.

procedures and requirements, explicitly encourages aliens to use overnight delivery services to ensure prompt delivery. Although warning that "delivery delays do not affect existing deadlines, nor does the Board excuse untimeliness due to such delays," the Manual itself expressly acknowledges that in "rare circumstances" the BIA may excuse late filings. *See* BIA Practice Manual, Ch. 3(b), p. 28 (rev. 9/25/02).

**[2]** The BIA's deadline is thus subject to exceptions in "rare circumstances," even when the notice of appeal does not actually arrive before the deadline. *See Socop-Gonzalez v. INS,* 272 F.3d 1176, 1188 (9th Cir. 2001) (en banc) ("If a time limit is jurisdictional, it is not subject to the defenses of waiver, equitable tolling, or equitable estoppel, *although there may still be exceptions based on unique circumstances*.") (emphasis added) (internal citation and quotation omitted); *Shamsi v. INS*, 998 F.2d 761, 763 (9th Cir. 1993) (holding that an exception to jurisdictional bar existed when petitioner was confused by ambiguous regulations).

**[3]** On its face, Oh's use of one of the overnight delivery services the BIA recommends (Airborne Express is identified by name) would appear to qualify her for relief from late filing as a unique or rare circumstance — or at least to be considered for such relief, with some reasoned explanation should the BIA reject her proffered excuse. As the case comes to us, Oh has a colorable claim that she was misled into relying on the recommended overnight delivery service, and on the "rare circumstance" exception to remedy what appears to be an extraordinary lapse on Airborne's part. The BIA's refusal to reconsider her claim in these circumstances, based on its erroneous assumption that it lacked authority to do so, was an abuse of discretion. *See Ontiveros-Lopez*, 213 F.3d at 1124 ("An abuse of discretion will be found when the denial was arbitrary, irrational or contrary to law.") (citation and internal quotation omitted).

**[4]** The BIA's denial of Oh's reconsideration motion appears to have been predicated entirely on its misconstruc-

tion of the jurisdictional nature of its own filing deadline. We therefore cannot rely on the BIA's cryptic statement declining to exercise its "power in exceptional circumstances *sua sponte* to reconsider a decision," since its legal error appears to have constrained its understanding of its discretionary authority as well. Having explained the nature of the BIA's legal error, we remand to allow the BIA to exercise its discretion as to whether to accept Oh's late-arriving notice of appeal as a "rare circumstance." *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002) (holding that when agency has not reached an issue, the proper course is to remand to the agency in the first instance to address it). The panel retains jurisdiction over this matter.

**PETITION GRANTED AND REMANDED.**