**Angel Hernandez GERARDO; Cristina Mena Hernandez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 05–72682, 05–75724.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 3, 2006.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Angel Hernandez Gerardo and his wife, Cristina Mena Hernandez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their appeal from an immigration judge's ("IJ") decision denying their application for cancellation of removal, and the BIA's subsequent order denying their motion to reconsider. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *see Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005), and we dismiss in part and deny in part the petitions for review.

We lack jurisdiction to review the BIA's order affirming the IJ's discretionary determination that Petitioners failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). Petitioners fail to make any colorable constitutional or legal argument that would invoke our

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

jurisdiction. *See id.* We also reject Petitioners' contention that the BIA erred in reaching its hardship determination without remanding the case for further fact-finding, because the BIA properly clarified its reasoning according to this court's remand under *Lanza v. Ashcroft,* 389 F.3d 917 (9th Cir.2004), and no further proceedings were ordered or required for the BIA to make that clarification.

The BIA did not abuse its discretion in denying Petitioners' motion to reopen because they failed to present any evidence to support their contentions regarding ineffective assistance of counsel. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall be supported by affidavits or other evidentiary material").

The BIA was within its discretion in denying Petitioners' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision affirming the IJ's order denying cancellation of removal. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.