Hansaben Bhulabhai PATEL, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 05–71324, 05–72422.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**600**

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kathryn C. MacDonald, Esq., U.S. Department of Justice Environmental Enforcement Section, Carol Federighi, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY and FISHER, Circuit Judges.

### MEMORANDUM **

Hansaben Bhulabhai Patel, a native and citizen of India, petitions for review of two final orders of removal issued by the Board of Immigration Appeals ("BIA"), the first one affirming the Immigration Judge's ("IJ") order denying her motion to reopen removal proceedings conducted *in absentia*, and the second one denying her motion to reconsider the BIA's affirmance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *INS v. Doherty*, 502 U.S. 314, 323–24, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Oh v. Gonzales*, 406 F.3d 611, 612 (9th Cir.2005), and we deny the petitions for review.

■ The BIA did not abuse its discretion in affirming the IJ's denial of Patel's motion to reopen for failure to establish "exceptional circumstances" within the meaning of 8 U.S.C. §§ 1229a(b)(5)(c) and 1229a(e)(1). Patel failed to submit an affidavit or any medical documentation to support her claim that a serious illness prevented her from attending her hearing. *See Celis–Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir.2002) (evidence of a general medical condition is insufficient to compel a finding of "exceptional circumstances"). The BIA properly disregarded the newly-submitted doctor's note as evidence that could have been submitted previously with the motion to reopen. *See* 8 C.F.R. § 1003.23(b)(3).

■ The BIA also did not abuse its discretion in denying Patel's motion to re-

consider because Patel failed to identify any errors of law or fact in the BIA's previous order. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir. 2001) (en banc) (noting that the purpose of a motion to reconsider is not to present new evidence but to demonstrate that the IJ or BIA erred as a matter of law or fact); 8 C.F.R. § 1003.2(b)(1).

## PETITIONS FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.