**Sunil Singh JASWAL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71532.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Judith Lott, Newark, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Elizabeth J. Stevens, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Sunil Singh Jaswal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider its order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *see Oh v. Gonzales*, 406 F.3d 611, 612 (9th Cir.2005), and review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Jaswal's motion to reconsider as untimely where it was filed more than 30 days after the BIA's final decision. *See* 8

C.F.R. § 1003.2(b)(2). Moreover, the BIA acted within its discretion in not construing the motion as a motion to reopen where it failed to offer new facts or evidence. *See* 8 C.F.R. § 1003.2(c)(1) (explaining that "a motion to reopen shall state the new facts that will be proven ... if the motion is granted").

Jaswal's contention that the BIA's denial of his motion to reconsider violated due process is unavailing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (to prevail on a due process challenge, a petitioner must show error).

We lack jurisdiction to review the BIA's underlying order dismissing Jaswal's direct appeal from the immigration judge's decision because the petition for review is not timely as to that order. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.