**Leopoldo MANZO–GARCIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72660.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 21, 2007.

M. Yehlen Brooks, Esq., Stockton, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Larry P. Cote, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, M. Jocelyn Wright, U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Leopoldo Manzo–Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeal's ("BIA") order summarily affirming an immigration judge's ("IJ") order denying a motion to reconsider her previous order pretermitting his application for a discretionary waiver of inadmissibility under former section 212(c) of the Immigration and Nationality Act ("INA"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion, *Oh v. Gonzales*, 406 F.3d 611, 612 (9th Cir.2005), and we deny the petition for review.

The IJ pretermitted Manzo–Garcia's application for relief under former INA § 212(c) on the ground that his 1991 aggravated felony conviction resulted from a jury trial. *See* 8 U.S.C. § 1227(a)(2)(A)(iii), 1252(a)(2)(C); *Armen-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*dariz–Montoya v. Sonchik,* 291 F.3d 1116, 1121–22 (9th Cir.2002), *cert. denied,* 539 U.S. 902, 123 S.Ct. 2247, 156 L.Ed.2d 110 (2003) (reaffirming that there is no retroactive effect in applying section 440(d) of the Antiterrorism and Effective Death Penalty Act to petitioners who elected to go to trial rather than plead guilty). Manzo–Garcia's motion to reconsider failed to identify an error of fact or law in the IJ's decision. *See* 8 U.S.C. § 1229a(c)(6).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.