**Fidencio PEREZ–MORALES; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70048.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 25, 2007.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew C. MacLachlan, Esq., Jennifer Paisner, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Fidencio Perez–Morales, his wife Josefina Silva–Perez, and their two children Maria de los Angeles and Isidro Perez–Silva, all natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an Immigration Judge's ("IJ") order denying their motion to reconsider. We review for abuse of discretion the denial of a motion to reconsider. *See Oh v. Gonzales*, 406 F.3d 611, 612 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion when it determined that Petitioners' motion before the IJ was untimely. *See* 8 C.F.R. § 1003.23(b)(1) (a motion to reconsider must be filed no later than 30 days after the final administrative decision; a motion to reopen proceedings must be filed no later than 90 days after the final administrative decision).

We lack jurisdiction to review Petitioners' contention that the administrative record is inadequate because they failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (stating that due process challenges that are "procedural in nature" must be exhausted). We also lack jurisdiction to review the BIA's decision not to exercise its *sua sponte* authority to reopen. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

With regard to Petitioners' other Due Process contentions, they failed to demon-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

strate their testimony would have affected the outcome of the proceedings. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.