Refugio NUNEZ BARRERAS, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72197.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 27, 2007.

Raul Gomez, Esq., Law Office of Raul Gomez, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Margaret K. Taylor, Esq., Russell J.E. Verby, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER and BEA, Circuit Judges.

Before: O'SCANNLAIN, GRABER and BEA, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

638

MEMORANDUM **

Refugio Nunez Barreras, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider its order denying his motion to reopen deportation proceedings. We review for abuse of discretion the denial of a motion to reconsider. *See Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in concluding that it properly refused to apply equitable tolling where Nunez Barreras failed to provide evidence that he acted with due diligence in pursuing his ineffective assistance of counsel claim. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (holding that equitable tolling applies "during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error").

We lack jurisdiction to review the BIA's order denying Nunez Barreras' motion to reopen because the petition for review is not timely as to that order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

