Catarino **VALDEZ QUINTANA,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–75606.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 27, 2007.

Catarino Valdez Quintana, Southgate, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, Joanne E. Johnson, Esq., San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Catarino Valdez Quintana, a native and citizen of Mexico, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider its earlier order denying his motion to reopen removal proceedings.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We review the denial of a motion to reconsider for abuse of discretion. *See Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA was within its discretion in denying Valdez Quintana's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision denying his motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

We lack jurisdiction to review Valdez Quintana's appeal from the IJ's decision denying his application for cancellation of removal because this petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.