Juaquin Hernandez LOZANO; Irma Yolanda Rico Chacon; Edgar Alberto Hernandez Rico; Maribel Hernandez Rico, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–76510.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 30, 2007.

John M. Pope, Esq., Stender & Pope, PC, Phoenix, AZ, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michele Y.F. Sarko, Esq., Carol Federighi, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON and BEA, Circuit Judges.

MEMORANDUM **

Juaquin Hernandez Lozano and Irma Yolanda Rico Chacon and their children,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**758**

all natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings to apply for protection under the Convention Against Torture. To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reconsider for an abuse of discretion, *Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005), and we deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying as numerically barred Petitioners' second motion to reopen, *see* 8 U.S.C. § 1229a(c)(7)(A) (an alien may file one motion to reopen), where Petitioners failed to present new and material evidence of changed conditions in Mexico, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii) (no numerical limit on motion to reopen to apply for asylum based on changed country conditions).

We lack jurisdiction to review a claim that the BIA should have exercised its sua sponte power to reopen deportation proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**