PETITION FOR REVIEW DIS-MISSED.

Juan ARGUETA–LAZO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 05–77285, 06–70622.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 30, 2007.

Gregory J. Boult, Esq., Gleckman & Sinder, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., Kristin A. Cabral, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Juan Argueta–Lazo petitions for review of the Board of Immigration Appeals'

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("BIA") order denying his motion to reopen deportation proceedings, and its order denying his motion to reconsider that decision. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of motions to reopen and to reconsider for abuse of discretion. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003); *Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir. 2005). We deny the petitions for review.

■ The BIA did not abuse its discretion in denying Argueta–Lazo's motion to reopen as untimely because it was filed seventeen years after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of final order of removal), and Argueta–Lazo did not show he was entitled to equitable tolling, *see Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (deadline for filing motion to reopen can be equitably tolled "when petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence.").

■ The BIA also acted within its discretion in denying Argueta–Lazo's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

**PETITIONS FOR REVIEW DENIED.**