**Nay LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73027.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 24, 2007.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elizabeth Holmes, Esq., Karam & Associates, P.A., Bloomington, MN, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Douglas E. Ginsburg, Esq., John D. Williams, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Nay Lin, a native and citizen of Burma, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider its order dismissing his appeal from an immigration judge's decisions denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *Oh v. Gonzales*, 406 F.3d 611, 612 (9th Cir.2005), and we review de novo claims of due process violations, *Hartooni v. INS*, 21 F.3d 336, 339 (9th Cir.1994). We dismiss in part and grant in part the petition for review and remand for further proceedings.

We lack jurisdiction over the BIA order dismissing Lin's direct appeal because the petition for review was not timely as to that order.

We have jurisdiction to review the due process arguments that were raised on direct appeal to the BIA, in the motion to reconsider before the BIA and in the briefing to this court. The government's contention that Lin has not argued whether or how the BIA abused its discretion in denying his motion to reconsider is unpersuasive. *See Mejia v. Ashcroft*, 298 F.3d 873, 876 (9th Cir.2002) ("A failure to recite the proper standard of review does not constitute waiver of a properly raised merits issue.").

Lin contends the agency violated due process by failing to allow his brother and

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his friend to testify. We agree that the IJ's refusal to allow witness testimony constitutes a due process violation and remand for a new hearing. Due process principles prohibit an IJ from declining to hear relevant testimony because of a pre-judgment about the witnesses' "credibility or the probative value of [the] testimony." *See Lopez–Umanzor v. Gonzales*, 405 F.3d 1049, 1056 (9th Cir.2005) (*quoting Kaur v. Ashcroft*, 388 F.3d 734, 737 (9th Cir.2004)). We infer prejudice because the IJ's refusal to permit the witness testimony potentially affected the proceeding's outcome. *See Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir.2000).

In light of our disposition, we do not address Lin's contention regarding the translation of his proceedings.

Petitioner's counsel is reminded that unpublished dispositions filed before January 1, 2007, may not be cited to this court. *See* 9th Cir. R. 36–3(c).

**PETITION FOR REVIEW DISMISSED in part and GRANTED in part; REMANDED.**