**Blanca FUNES–CORPENO, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

**No. 06–71715.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 \*\*.

Filed Sept. 27, 2007.

Richard C. Mendez, Esq., Law Offices of Mendez & Lopez, Los Angeles, CA, for Petitioner.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Edward C. Durant, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Blanca Funes–Corpeno, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") order denying her motion to reconsider the denial of her motion to reopen to apply for relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and review for abuse of discretion the denial of a motion to reconsider. *See Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005). We deny the petition for review.

The deadline to file an application for Special Rule Cancellation under NACARA was November 18, 1999. 8 C.F.R. § 1003.43(e)(2) (2005). Funes–Corpeno did not attempt to file an application until 2005. She contended on appeal that she was entitled to equitable tolling of the filing deadline on account of ineffective assistance of counsel. *See Albillo–DeLeon v. Gonzales,* 410 F.3d 1090, 1098 (9th Cir. 2005) (NACARA § 203(c) deadline is subject to equitable tolling). The BIA properly determined that Funes–Corpeno was not entitled to equitable tolling because she did not show due diligence. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (deadline for filing motion to reopen can be equitably tolled "when petitioner is prevented from filing because of

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

deception, fraud, or error, as long as the petitioner acts with due diligence."). The record indicates that more than five years elapsed between the application deadline and Funes–Corpeno's motion to reopen, and six months elapsed between the date Funes–Corpeno states she learned she had missed the deadline and the date she raised a claim of ineffective assistance.

Petitioner's remaining contentions are without merit.

**PETITION FOR REVIEW DENIED.**