**Nuvel LORENZO–BUSTOS, Alejandra Santiago–Reyes, Petitioners,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**Nos. 05–72473, 05–75375.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007 *.

Filed Nov. 20, 2007.

John Stephen Glaser, Esq., Manulkin Glaser & Bennett, Fountain Valley, CA, for Petitioners.

District Counsel, Esq., Office of the District Counsel, Department of Homeland

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Papu Sandhu, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Nuvel Lorenzo–Bustos and Alejandra Santiago–Reyes seek review of: (1) a Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") order denying Lorenzo–Bustos's application for cancellation of removal, and reversing an IJ's order granting Santiago–Reyes's application for cancellation of removal (No. 05–72473), and (2) the BIA's order denying their motion to reconsider its previous order (No. 05–75375). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *see Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005), and we review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petitions for review in both No. 05–72473 and No. 05–75375.

We lack jurisdiction over Santiago–Reyes's case because in the record before us there is no final order of removal as to her. *See* 8 U.S.C. § 1252(a). The record demonstrates that the BIA remanded her case to the IJ, but nothing further.

R.App. P. 34(a)(2).

We also lack jurisdiction to review the BIA's discretionary determination that Lorenzo–Bustos failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). We do not reach Lorenzo–Bustos's contention regarding physical presence because the failure to establish hardship is dispositive.

Lorenzo–Bustos contends the BIA deprived him of due process by misapplying the law regarding hardship to the facts of his case. To the contrary, the BIA's interpretation of the hardship standard falls within the broad range authorized by statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–1006 (9th Cir.2003). We are not persuaded by Lorenzo–Bustos's contention that the BIA violated due process when it denied his application on a different ground from that relied upon by the IJ. The BIA has authority to review de novo "questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges." 8 C.F.R. § 1003.1(d)(3).

Finally, the BIA was within its discretion in denying petitioner's motion to reconsider because the motion failed to identify an error of fact or law in the BIA's prior decision. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir. 2001) (en banc).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part in No. 05–72473.**

**PETITION FOR REVIEW DISMISSED in part and DENIED in part in No. 05–75375.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.