**Sarbjeet Singh KAMBOJ, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 05–73570, 05–75452.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 21, 2007.

Teresa Salazar, Law Offices of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., and Mark L. Gross, Edward K. Chung, Esq., DOJ–U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER and CALLAHAN, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Sarbjeet Singh Kamboj, a native and citizen of India, seeks review of the Board of Immigration Appeals' ("BIA") order denying his application for withholding of removal and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

relief under the Convention Against Torture ("CAT") and its order denying his motion to reconsider. We review Singh's application for withholding of removal for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we review the denial of a motion to reconsider for abuse of discretion, *Oh v. Gonzales*, 406 F.3d 611, 612 (9th Cir.2005). We deny in part and dismiss in part the petition in No. 05–73570 and deny the petition in No.05–75452.

We lack jurisdiction to review the BIA's determination that Singh Kamboj failed to file his asylum application within one year of his arrival in the United States because the facts are in dispute. *See Ramadan v. Gonzales*, 479 F.3d 646, 656–57 (9th Cir. 2007).

As to Singh Kamboj's withholding claim, the agency found that Singh Kamboj's testimony was materially inconsistent with his statement to the asylum officer regarding a matter that goes to the heart of his asylum claim, namely, what he was doing immediately prior to his arrest in February of 1997. Viewed as a whole, substantial evidence supports the agency's adverse credibility determination. *See Li v. Ashcroft*, 378 F.3d 959, 962–63 (9th Cir.2004) (holding that where asylum officer testifies at hearing, inconsistencies between the petitioner's asylum interview and hearing testimony can support adverse credibility finding); *Kaur v. Gonzales*, 418 F.3d 1061, 1065 (9th Cir.2005).

The BIA did not abuse its discretion in denying Singh Kamboj's motion to reconsider because he failed to show an error of law. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

PETITION FOR REVIEW DENIED in part; DISMISSED in part in No. 05–73570.

PETITION FOR REVIEW DENIED in No. 05–75452.