**Valentin GALICIA–GARCIA; Karla Paola Galicia–Penaloza, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71555.

United States Court of Appeals, Ninth Circuit.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Dec. 20, 2007.*

Filed Dec. 28, 2007.

Valentin Galicia–Garcia, Anaheim, CA, pro se.

Karla Paola Galicia–Penaloza, Anaheim, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle Gorden Latour, Esq., Joseph A. O'Connell, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Valentin Galicia–Garcia and his daughter Karla Paola Galicia–Penaloza petition for review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reconsider its earlier order affirming an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reconsider for abuse of discretion, *Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005), and we grant the petition for review.

The BIA concluded there was no error in its prior determination that Galicia–Garcia failed to show the requisite physical presence because he had previously signed an agreement to accept voluntary departure, understanding he would return to Mexico rather than appear before an immigration judge. However, the record does not contain the agreement, and Galicia–Garcia testified that immigration officials did not tell him he had the option to either voluntarily depart or appear before an immigration judge. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 619 (9th Cir.2006) ("[B]efore it may be found that a presence-breaking voluntary departure occurred, the record must contain some evidence that the alien was *informed of and accepted its terms*") (internal quotations and citation omitted). Because the BIA did not have the benefit of our decision in *Ibarra–Flores* at the time of its order, we remand the case for the agency to consider Galicia–Garcia's application for cancellation of removal in a manner consistent with that decision.

**PETITION FOR REVIEW GRANTED; REMANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.