Rogelio **SANTIAGO–GARSON,**
Petitioner,

v.

Michael B. **MUKASEY, Attorney General, Respondent.**

No. 06–71666.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 24, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

Camille K. Cook, Esq., Robert W. Yarra, PLC, Jeremy M. Clason, Esq., Fresno, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stuart S. Nickum, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Rogelio Santiago–Garson petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider its previous order affirming an immigration judge's ("IJ") order denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *see Oh v. Gonzales*, 406 F.3d 611, 612 (9th Cir.2005), and we review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

■ The BIA acted within its discretion in denying Santiago–Garson's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision affirming the IJ's order. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

■ Santiago–Garson's contention that the BIA violated his due process rights by considering his motion to reconsider as a motion to reopen is not availing where the BIA treated the motion as both a motion to reconsider and a motion to reopen.

■ We do not address Santiago–Garson's contentions regarding physical presence because the BIA affirmed and adopted the IJ's findings only as to hardship and Santiago–Garson's failure to establish hardship is dispositive.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

