Tina Venancio **REYNA,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

Nos. 06–74474, 06–75642.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 27, 2008.

Luis Carlos Ayala, Law Offices of Luis Carlos Ayala, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, W. Manning Evans, Stephen J. Flynn, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Tina Venancio Reyna, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for cancellation of removal and the BIA's order denying her motion to reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's continuous physical presence determination for substantial evidence. *See Ibarra–Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir.2006). We review for abuse of discretion the denial of a motion to reconsider. *See Oh v. Gonzales*, 406 F.3d 611, 612 (9th Cir.2005). We deny the petitions for review.

Substantial evidence supports the agency's determination that Venancio Reyna did not show ten years of continuous physical presence where the record contains an

---

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

expedited removal order, and neither she nor her counsel challenges that the order was executed during the statutory time period. *See Juarez–Ramos v. Gonzales,* 485 F.3d 509, 512 (9th Cir.2007) (holding that expedited removal interrupts an alien's continuous physical presence for cancellation purposes).

Because the physical presence finding is dispositive, we do not reach the moral character and right to counsel contentions.

The BIA was within its discretion in denying Venancio Reyna's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir. 2001) (en banc) (explaining requirements for motion to reconsider).

**PETITIONS FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.