**Paul Harold DOMPAS; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–70105.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.[*]

Filed Sept. 9, 2008.

Paul Harold Dompas, Lake Forest, CA, pro se.

Herawaty Dompas, Lake Forest, CA, pro se.

David Bernard Dompas, Lake Forest, CA, pro se.

Sarah Hillary Dompas, Lake Forest, CA, pro se.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Manuel A. Palau, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Paul Harold Dompas, his wife, and two children, natives and citizens of Indonesia, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen or reconsider the BIA's underlying order summarily dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004), and a motion to reconsider, *Oh v. Gonzales*, 406 F.3d 611, 612 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Dompas' motion to reopen because Dompas failed to set forth new facts or present new evidence. *See* 8 C.F.R. § 1003.2(c)(1) (a motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material").

The BIA also did not abuse its discretion in denying Dompas' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision summarily affirming the IJ's order. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

To the extent Dompas challenges the agency's order denying asylum, withholding of removal, and CAT relief, that order

was not petitioned to this court. *See Ma v. Ashcroft*, 361 F.3d 553, 558 n. 6 (9th Cir.2004).

We reject Dompas' contention that the immigration judge was biased, intimidated his family, and failed to consider the evidence because it is unsupported and belied by the record.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

