**Pablo Jauregui SANCHEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73385.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

Nakissa Sedaghat, Law Offices of Shawn Sedaghat, Encino, CA, for Petitioner.

Dalin Holyoak, OIL, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Pablo Jauregui Sanchez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) and for abuse of discretion the denial of a motion to reconsider, *Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005). We deny the petition for review.

The BIA acted within its discretion in denying Sanchez's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1); *see also Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc). The BIA properly determined that remand was not warranted because the evidence Sanchez submitted did not meet the requirements of 8 C.F.R. § 1003.2(c)(1) and did not establish a prima facie case of hardship.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Sanchez's contention that the BIA violated due process by not considering evidence fails because the BIA did consider the evidence he submitted on appeal and in his motion to remand. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice for a successful due process claim).

**PETITION FOR REVIEW DENIED.**