MEMORANDUM **
Rigoberto Lopez Solano and Margarita Morales Aguilar, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals’ (“BIA”) orders dismissing their appeal from an immigration judge’s (“IJ”) removal order and denying their motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, Oh v. Gonzales, 406 F.3d 611, 612 (9th Cir.2005), and de novo claims of constitutional violations in immigration proceedings, Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000). We dismiss in part and deny in part the petition for review in No. 06-71633 and deny the petition for review in No. 06-72672.
We lack jurisdiction to review the agency’s discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005). Petitioners’ contention that our lack of jurisdiction to review the hardship determination violates the separation of powers is unpersuasive.
Contrary to petitioners’ contention, the BIA’s application of the hardship standard falls within the broad range authorized by the statute. See Ramirez-Perez v. Ashcroft, 336 F.3d 1001, 1004 (9th Cir.2003).
We reject petitioners’ claim that the IJ failed to consider a psychiatric report. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice for due process violation).
Petitioners contended in their motion to reconsider that the IJ violated due process by certifying a decision to the BIA without allowing them an opportunity to present additional evidence and testimony. This contention fails because the IJ reached the merits of petitioners’ cancellation applications at the hearing and concluded that they did not qualify. Petitioners have not demonstrated that additional evidence and testimony may have affected the outcome of their proceedings. See Colmenar, 210 F.3d at 971 (requiring prejudice to prevail on a due process challenge). Therefore, the BIA was within its discretion in denying petitioners’ motion to reconsider because the motion failed to *166 identify any error of fact or law in the BIA’s prior decision affirming the IJ. See 8 C.F.R. § 1003.2(b)(1); see also Socop-Gonzalez v. INS, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).
No. 06-71633: PETITION FOR REVIEW DISMISSED in part; DENIED in part.
No. 06-72672: PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.