**Roberto Diaz DE LA CRUZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–76650.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Roberto Diaz De La Cruz, Moreno Valley, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

---

MEMORANDUM **

Roberto Diaz De La Cruz, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider. *Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying Diaz De La Cruz's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior order. *See* 8 C.F.R. § 1003.2(b)(1); *see also Juarez–Ramos v. Gonzales,* 485 F.3d 509, 512 (9th Cir.2007) (an expedited removal order interrupts an alien's continuous physical presence for cancellation of removal purposes).

We lack jurisdiction to review Diaz De La Cruz's equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act because the petition for review is not timely as to the BIA's September 8, 2004 order dismissing his underlying appeal. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.