NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL GEORGE ANTHONY EDWARDS,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-5420

Agency No.
A214-126-568

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2025**
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Michael George Anthony Edwards is a native and citizen of Jamaica. He

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

summarily dismissing his appeal of an order of an Immigration Judge ("IJ")

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying his motion to reopen and rescind an *in absentia* removal order. We have jurisdiction under 8 U.S.C. § 1252. "We review for abuse of discretion the BIA's summary dismissal of an appeal." *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021). We deny the petition.

The BIA did not abuse its discretion in summarily dismissing Edwards' appeal where the notice of appeal was untimely, and Edwards failed to demonstrate extraordinary circumstances to excuse his untimely appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(G); *see also Matter of Morales-Morales*, 28 I. & N. Dec. 714, 717 (BIA 2023). Edwards' inability to pay the filing fee here does not constitute an extraordinary circumstance warranting equitable tolling. *See* 8 C.F.R. § 1003.38(b), (d). Edwards offers no explanation for why he could not have submitted a fee waiver request with his notice of appeal. The cases he cites about delivery service errors do not show why the circumstances he faced were extraordinary. *See Irigoyen-Briones v. Holder*, 644 F.3d 943, 951 (9th Cir. 2011); *see also Oh v. Gonzales*, 406 F.3d 611, 613–14 (9th Cir. 2005).

**PETITION DENIED.**