**Enrique MONROY–GUTIERREZ; Alicia Salcedo–Sanchez, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**Nos. 05–70327, 05–72431.**

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Dec. 6, 2007.

Filed Jan. 4, 2008.

---

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Michael B. Mukasey is substituted for Peter D. Keisler as respondent.

Russell L. Marshak, Esq., Phuong D. Mai, Popkin Shamir & Golan, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ari Nazarov, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BOWMAN,** BRUNETTI, and BYBEE, Circuit Judges.

MEMORANDUM ***

In these consolidated cases, Enrique Monroy–Gutierrez and his wife, Alicia Salcedo–Sanchez ("Petitioners"), natives and citizens of Mexico, petition for review of (1) an order of the Board of Immigration Appeals ("BIA") affirming the decision of an immigration judge ("IJ") to deny their application for cancellation of removal (No. 05–70327) and (2) a subsequent order of the BIA denying their motion to reconsider (No. 05–72431). We deny in part and dismiss in part the petition for review in No. 05–70327, and we deny the petition for review in No. 05–72431.

To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Insofar as Petitioners challenge the IJ's determination that they failed to show exceptional and extremely unusual hardship, we lack

** The Honorable Pasco M. Bowman, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

jurisdiction to review this discretionary determination. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (eliminating jurisdiction over decisions by the BIA that involve the exercise of discretion); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 891 (9th Cir.2003). We review de novo, however, Petitioners' claims of due process violations, *see Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001), and we review for abuse of discretion Petitioners' claims that the BIA erred in denying their motion to reconsider, *see Kyu Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005).

■ Petitioners first contend that the IJ's tentative hardship ruling in their favor misled them into omitting key hardship evidence in their subsequent hearing, thus depriving Petitioners of a full and fair hearing in violation of their due process rights. Petitioners' argument fails because they have not demonstrated that additional testimony or other evidence may have affected the outcome of the proceedings. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring that petitioner establish prejudice to prevail on a due process challenge).

■ Petitioners next contend that the IJ deprived them of a full and fair hearing by applying an improper legal standard to the facts of their case. We reject Petitioners' argument because the IJ's decision reveals that the IJ did in fact consider the mother's medical condition but implicitly concluded it would not constitute a hardship on Petitioners' minor child. The IJ's interpretation of the hardship standard fell within the broad range of interpretations authorized by the statutory language, *see Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir.2003), and Petitioners' argument otherwise fails to raise a colorable constitutional claim, *see Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) (holding that a similar due process claim

was "nothing more than an argument that the IJ abused his discretion, a matter over which we have no jurisdiction"); *cf. Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) (rejecting similar argument in a transitional rules case and concluding that "a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb").

■ We also conclude that the BIA did not abuse its discretion in denying Petitioners' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior order affirming the IJ's decision to deny cancellation of removal. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

To the extent Petitioners contend that the BIA failed to consider some or all of the evidence they submitted over the course of the proceedings, they failed to overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

**PETITION FOR REVIEW in No. 05–70327 DISMISSED in part; DENIED in part.**

**PETITION FOR REVIEW in No. 05–72431 DENIED.**