**Octavio Cruz CASA; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70389.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 24, 2008.

Octavio Cruz Casa, Perris, CA, pro se.

Edit Castillejos Perez, Perris, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle E. Gorden Latour, Esq., Cindy S. Ferrier, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Octavio Cruz Casa and his wife, Edith Castillejos Perez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider the BIA's prior order summarily affirming an immigration judge's decision denying cancellation of removal. To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider. *See Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005). We grant in part and dismiss in part the petition for review, and remand.

An intervening change in the law requires us to remand on the issue of continuous physical presence. In *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir. 2006), we held that administrative voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of the terms of the departure and knowingly and voluntarily accepts the terms of departure. *See id.* at 619. In the record, there is no documentation showing that Cruz Casa was informed of the terms of his departure or that he accepted them voluntarily or knowingly, and the agency did not have the benefit of our decision in *Ibarra–Flores* at the time it addressed this issue. Accordingly, we grant the petition for review in part and remand for further proceedings consistent with *Ibarra–Flores.*

We lack jurisdiction to review the BIA's October 17, 2005 orders summarily affirming an Immigration Judge's decision denying petitioners' cancellation applications because they failed to timely petition this court for review of that decision. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

Petitioners' remaining contentions are unavailing.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW GRANT-ED in part; DISMISSED in part; RE-MANDED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.