**Rigoberto Lopez SOLANO; Margarita Morales Aguilar, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 06–71633, 06–72672.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jaime Jasso, California Alien Rights Project, LLC, Westlake Village, CA, for Petitioners.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony C. Payne, Margaret K. Taylor, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Rigoberto Lopez Solano and Margarita Morales Aguilar, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") orders dismissing their appeal from an immigration judge's ("IJ") removal order and denying their motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *Oh v. Gonzales*, 406 F.3d 611, 612 (9th Cir.2005), and de novo claims of constitutional violations in immigration pro-

ceedings, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We dismiss in part and deny in part the petition for review in No. 06–71633 and deny the petition for review in No. 06–72672.

■ We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005). Petitioners' contention that our lack of jurisdiction to review the hardship determination violates the separation of powers is unpersuasive.

Contrary to petitioners' contention, the BIA's application of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir.2003).

We reject petitioners' claim that the IJ failed to consider a psychiatric report. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice for due process violation).

■ Petitioners contended in their motion to reconsider that the IJ violated due process by certifying a decision to the BIA without allowing them an opportunity to present additional evidence and testimony. This contention fails because the IJ reached the merits of petitioners' cancellation applications at the hearing and concluded that they did not qualify. Petitioners have not demonstrated that additional evidence and testimony may have affected the outcome of their proceedings. *See Colmenar*, 210 F.3d at 971 (requiring prejudice to prevail on a due process challenge). Therefore, the BIA was within its discretion in denying petitioners' motion to reconsider because the motion failed to

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.

identify any error of fact or law in the BIA's prior decision affirming the IJ. *See* 8 C.F.R. § 1003.2(b)(1); *see also Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

No. 06–71633: PETITION FOR RE-VIEW DISMISSED in part; DENIED in part.

No. 06–72672: PETITION FOR RE-VIEW DENIED.