**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS SALVADOR ALEJO CEJA; et al., | No. 05-76475 |
| Petitioners, | Agency Nos. A096-495-048 |
| v. | A072-404-107 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

| | |
|---|---|
| JESUS SALVADOR ALEJO CEJA; et al., | No. 06-71150 |
| Petitioners, | Agency Nos. A096-495-048 |
| v. | A072-404-107 |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| JESUS SALVADOR ALEJO CEJA; et al., | No. 06-72543 |
| --- | --- |
| Petitioners, | Agency Nos. A096-495-048 |
| | A072-404-107 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 8, 2008
Submission vacated July 16, 2008
Resubmitted November 23, 2009
Portland, Oregon

Before: GOODWIN, PREGERSON and REINHARDT, Circuit Judges.

Jesus Alejo-Ceja and Leticia Avila-Flores (the Alejos), natives and citizens of Mexico, petition for review of the BIA's denial of their motion to reopen removal proceedings and its subsequent denial of their motion to reconsider that decision. We have jurisdiction to review the BIA's denial of the Alejos' motion to reopen, which offered evidence of a newly discovered serious medical condition afflicting their older U.S. citizen daughter, Maira. *Fernandez v. Gonzales*, 439

2

F.3d 592, 601-02 (2006) (holding that this court has jurisdiction to review the BIA's denial of a motion to reopen when the newly submitted evidence establishes a new basis for relief, such as a newly discovered medical condition affecting a qualifying relative). We review the BIA's denial of motions to reopen and motions to reconsider for abuse of discretion, including for legal errors. *Oh v. Gonzales*, 406 F.3d 611, 612 (9th Cir. 2005); *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We conclude that the BIA abused its discretion when it denied the Alejos' motion to reopen because it failed to properly consider the evidence of Maira's newly discovered mental health problem. Therefore, we grant the petition[1] and remand for further proceedings.

At the time of their immigration hearing, the Alejos testified that although their younger daughter, Carina, had mental health problems, their older daughter, Maira, a 10-year-old, was in good health. In support of their motion to reopen, the Alejos submitted newly discovered evidence, in the form of an affidavit from

---

[1]Because we conclude that the BIA made a legal error in denying the motion to reopen, we do not rule on the petition for review of the motion to reconsider. Thus, we do not reach the question whether the BIA violated the Alejos' Due Process rights when it refused to await the results of their daughters' forthcoming psychiatric evaluations before ruling on the motion to reopen. However, we note that those evaluations are now part of the record, having been submitted by the Alejos in conjunction with their motion to reconsider, and that the BIA is free to take notice of them on remand when considering the Alejos' motion to reopen. *See* 8 C.F.R. § 1003.2.

petitioner Leticia Avila-Flores, Maira's mother, that since the hearing Maira had developed an anxiety disorder, and, in the motion, the Alejos informed the BIA that Maira had an appointment for a full psychiatric examination shortly. The Alejos also submitted background information about anxiety disorders, which demonstrated that the disorders "can be very debilitating and impinge seriously upon a person's quality of life" and are strongly associated with depression and suicide. The BIA discounted the "allegations" that Maira had developed an anxiety disorder because they were "not supported by any medical evidence." This was error because, in ruling on a motion to reopen, "[the Board] must accept as true the facts stated in [petitioners'] affidavits unless they are inherently unbelievable," *Limsico v. INS*, 951 F.2d 210, 213 (9th Cir. 1991), and because there is no requirement in statute, regulation, or BIA case law that an affidavit describing the illness of a qualifying relative be supported by medical evidence. *Cf. Singh v. INS*, 213 F.3d 1050, 1053 (9th Cir. 2000) (holding that the BIA violated Due Process by denying Singh's motion to reopen on the ground that he

provided no medical evidence of the injury that kept him from his immigration hearing because he had no notice that medical evidence was required).[2]

After stating that Maira's anxiety condition was not documented by medical evidence, the BIA went on to consider information relating to other qualifying relatives submitted by the Alejos in support of their motion to reopen. The BIA ultimately concluded that "respondents have failed to show how this 'cumulative' evidence is either 'new' or would alter the Immigration Judge's conclusion that . . . this does not rise to the level of 'exceptional and extremely unusual hardship.'"

We do not have jurisdiction to review the BIA's discretionary determination of whether petitioners met the exceptional and extremely unusual hardship standard. *Fernandez*, 439 F.3d at 603. It appears, however, that the BIA made that

---

[2] Although our statement in *Singh* that the BIA's decision had announced a new evidentiary standard, *Singh*, 213 F.3d at 1054, suggests that medical evidence would henceforth be required, we also stated that no such requirement existed even after the BIA's decision in that case. *Id*. at 1053 & n.3. We pointed out that the BIA had announced a *conflicting* evidentiary standard on the same day that it decided *Singh*, and was contemporaneously applying yet a third evidentiary standard. *Id*. at 1053-54 & n.4, 7. A review of BIA case law suggests that it has yet to make a definitive choice between these conflicting standards.

In any event, the Alejos' motion to reopen pertains to removal proceedings at which they were present, and is therefore governed by a different regulation and a different evidentiary standard than the motion to reopen in absentia proceedings that was at issue in *Singh*. *Compare* 8 C.F.R. § 1003.23(b)(4) (motion to reopen must offer evidence that failure to appear was due to "exceptional circumstances") *with* 8 C.F.R. § 1003.2(c) (motion to reopen must offer evidence that is "new" and "material").

5

determination based upon a legal error, which we do have jurisdiction to review. As explained above, the BIA's legal conclusion that the statements in the affidavit regarding Maira's anxiety condition need not be accepted as true because they were not supported by medical evidence was erroneous. The BIA was required to accept the evidence as true when it determined whether the Alejos' newly discovered evidence would alter the IJ's discretionary determination. *Limsico*, 951 F.2d at 213. It did not do so. Therefore, we GRANT the petition and REMAND for further proceedings not inconsistent with this opinion, including footnote 1, *supra*.

GRANTED and REMANDED