NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUL 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARINELA STEFAN; COSTINEL
TURCAN; ROMEO-RONALDO
STEFAN; FRANCESCA
STEFAN; MARIA-LOREDANA
DUMITRESCU,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1540

Agency Nos.
A205-706-226
A205-602-555
A205-602-558
A205-602-559
A205-706-227

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2024**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Petitioners, a family of Romanian citizens, petition pro se for review of the

Board of Immigration Appeals' ("BIA") decision dismissing their asylum,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and Convention Against Torture ("CAT") claims as untimely. This Court reviews the BIA's summary dismissal for untimeliness for abuse of discretion. *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

To be timely, an appeal must be "filed directly with the [BIA] within 30 calendar days after the stating of an immigration judge's oral decision or the mailing . . . of an immigration judge's written decision." 8 C.F.R. § 1003.38(b). And the BIA "may summarily dismiss any appeal" that "is untimely[.]" *Id.* § 1003.1(d)(2)(i)(G). Here, the IJ's written decision was served on Petitioners on August 19, 2022. Petitioners filed their first Notice of Appeal to the BIA—which was rejected due to filing defects—on September 30, 2022. After multiple rejected notices, Petitioners succeeded in filing a Notice of Appeal on November 14, 2022. None of these notices fell within the 30-day window. So the BIA did not abuse its discretion in denying the appeal.

Additionally, Petitioners failed to raise their ineffective assistance of counsel to the BIA, so "we deny this portion of the petition." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (determining that failure to exhaust claim at BIA deprives reviewing court of jurisdiction because the BIA did not have "an opportunity to pass on the issue" (simplified)).

Further, Petitioners' reliance on their attempt to file an appeal with the Fourth

Circuit is irrelevant. "The time limit for filing an appeal to the BIA is mandatory and jurisdictional." *Oh v. Gonzales*, 406 F.3d 611, 613 (9th Cir. 2005) (simplified). Petitioners failed to file a timely appeal *with the BIA*, despite receiving written notice after a decision by an Immigration Judge and the Fourth Circuit's response to their improper appeal. So the BIA did not abuse its discretion by summarily dismissing the appeal.

Lastly, to the extent Petitioners argue that the time for appeal should be equitably tolled, they have not shown that they faced the type of rare circumstances warranting an exception to the filing deadline. *Oh*, 406 F.3d at 613 (explaining how the BIA may, in "rare circumstances" excuse late filings) (simplified). On the contrary, that Petitioners filed four separately deficient appeals demonstrates no extraordinary circumstances. So Petitioners lack any valid excuse for not complying with the 30-day requirement.

**PETITION DENIED.**